THE MODEL PLAN FINANCE CORPORATION, A NEW JER-
SEY CORPORATION, APPELLANT, v. GRACE L. KELLEY
AND IRA F. KELLEY, RESPONDENTS.

Submitted October 31, 1930—Decided February 2, 1931.

For the appellant, *Corn & Silverman.*

For the respondents, *Whiting & Moore.*

The opinion of the court was delivered by

DALY, J.  Two suits were brought by the plaintiff against
the defendants upon seven protested promissory notes, and

were tried together. The first three of the notes are dated October 1st, 1923, and are for $100 each; the other four are dated November 1st, 1924, three of which are for $100 each, and the other for $500. All are made by the defendant, Grace L. Kelley, to the order of A. DeVoe, and the last four, aggregating $800, are endorsed by the defendant, Ira F. Kelley. Grace L. Kelley and Ira F. Kelley are husband and wife. The notes sued on were transferred to the plaintiff, The Model Finance Corporation, and it is undisputed it is not a holder in due course, and that the notes are therefore subject to all the defenses available as between the original parties.

These notes totaling $1,100, plus interest, were in renewal of prior notes given in part payment of a Schacht motor truck sold by DeVoe for $2,500 to either Grace L. Kelley or Ira F. Kelley. The actions were tried before a jury in the Supreme Court, Essex Circuit, and the jury returned a verdict in favor of both defendants.

At the close of the evidence, the trial judge found the issues raised by the pleadings and proofs to be, and so charged the jury, that if the sale of the truck was made to Mrs. Kelley, neither defendant had any defense—and Mrs. Kelley would be liable on all of the notes, while Kelley would be liable on the notes which he endorsed; but, if the sale was made to Kelley then Kelley should be held liable for the notes which he endorsed, unless he had proved to the satisfaction of the jury that the sale of the truck had been effected through fraudulent representation by DeVoe to Kelley which entitled Kelley to rescind the sale, or, that there was a failure to deliver a bill of sale as required by the statute in case of an unconditional sale. We hold that the trial judge was right in his presentation of the issues to the jury.

The jury found a verdict for both defendants and to do this they must necessarily have found, as a matter of fact, that the sale of the truck had been made to Mr. Kelley and the evidence is such that we cannot say that it was insufficient to justify the jury in concluding that the truck actually was sold to Kelley. In proof of this defense, we find there was no

error upon the part of the trial judge in admitting evidence as to the circumstances surrounding the making of the notes, or in the admission of proof that the bill of sale of the Columbia truck, which had been given to DeVoe in part payment of the Schacht truck, was in the name of Kelley.

Kelley asserted as a defense that DeVoe sold him this truck upon the representation that it was a new truck of the year 1923, which had been used only for demonstrating purposes, when as a matter of fact it proved to be a second-hand truck in poor condition and of the make of a prior year; and that when he became sure there has been such fraudulent representation he notified DeVoe to take the truck back because of this, and further notified DeVoe that he, Kelley, was willing to lose the $1,400 that had been paid on the truck up to that time. The degree of proof necessary to sustain this defense—that there had been a fraudulent representation in effecting the sale and a rescission of the contract for that reason, was clearly explained by the trial judge and there was sufficient in the evidence to make this defense a question of fact to be determined by the jury.

The plaintiffs contend that the defendants had no right to set up rescission by way of defense, but should have asserted it in the form of a counter-claim. The defendants made no claim for the $1,400 paid but on the contrary waived it; they made no claim for damages but on the contrary waived such claim; and, in view of this, the trial judge was right in holding that where the suit is to recover, as here, consideration for a sale, if the defendant gives notice of rescission because of fraud in inducing the sale and tenders the property back, he can assert such a defense.

The plaintiffs contend that it was improper to allow evidence as to repairs made on the truck; the performance of the truck; the fact that the truck had been in a fire before the purchase; the condition of the serial number and the mutilation of the manufacturer's number. Not so. This evidence was proper upon the question of determining whether there was fraud and false representations by DeVoe as to the kind of a truck he represented it to be in effecting its sale.

The defendants claim that no bill of sale of any kind was given them by DeVoe. DeVoe denies this, and asserts that the sale of the truck was a conditional sale, and and that he gave a conditional bill of sale. If this were an unconditional sale, then there was no such bill of sale given as is made necessary by statute. *Pamph. L.* 1920, *p.* 463, *ch.* 247. Whether there was any bill of sale given, and whether there was a conditional or unconditional sale, were questions to be passed upon by the jury.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.